# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADLEY M. NORTHRUP, | : | CIVIL NO.: 1:20-CV-00412 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I.  Introduction.

Bradley Northrup ("Northrup") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI") under the Social Security Act. We have jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security, and she is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d) (providing that when a public officer sued in his or her official capacity ceases to hold office while the action is pending, "[t]he officer's successor is automatically substituted as a party"); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

below, the Commissioner's decision will be affirmed, and judgment will be entered in favor of the Commissioner.

## II.     Background and Procedural History.

We refer to the transcript provided by the Commissioner. *See docs. 12-1* to *12-13*.[2] On December 30, 2016, Northrup protectively filed[3] a Title II application for a period of disability and disability insurance benefits, alleging disability beginning August 4, 2015. *Admin. Tr.* at 12. Northrup's claim was denied on June 29, 2017, resulting in a request for a hearing on August 1, 2017. *Id*. On August 9, 2017, Northrup testified with the assistance of counsel at a hearing. *Id*.

On November 15, 2018, Administrative Law Judge Charles Dominick ("ALJ") determined that Northrup had not been disabled within the meaning of the Social Security Act from December 30, 2016 through the date of the decision. *Id*. at 27. And so, he denied him benefits. *Id*. Northrup appealed the ALJ's decision to the Appeals Council, which denied his request for review on January 13, 2020.

---

[2] Because the facts of this case are well known to the parties, we do not repeat them here in detail. Instead, we recite only those facts that bear on Northrup's claims.

[3] "Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits." *Stitzel v. Berryhill*, No. 3:16-cv-0391, 2017 WL 5559918, at *1 n.3 (M.D. Pa. Nov. 9, 2017). "A protective filing date allows an individual to have an earlier application date than the date the application is actually signed." *Id*.

*Id*. at 1-6.  This makes the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court.

On March 9, 2020, Northrup began this action by filing a complaint claiming that the Commissioner's decision is not based on substantial evidence. *Doc. 1*.  Northrup requests that the court find that he is entitled to Social Security benefits or remand the case for further proceedings. *Doc. 14* at 14.  The Commissioner filed an answer to the complaint and a transcript of the proceedings that occurred before the Social Security Administration. *Docs*. *11-12*.  The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc*. *23*.  The parties have filed briefs, *see docs*. *14*, *17*, *18, 21*, and this matter is ripe for decision.[4]

### III.   Legal Standards.

**A. Substantial Evidence Review—the Role of This Court.**

When reviewing the Commissioner's final decision denying a claimant's application for benefits, "the court has plenary review of all legal issues decided by the Commissioner." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

---

[4] On January 31, 2022, we held a telephonic conference call with the parties. *See doc. 20*.  During that conference, the parties stipulated that the only remaining issue in this matter is whether the ALJ's RFC findings failed to account for Northrup's mild mental functional limitations. *See doc. 21*.  Accordingly, we will focus our discussion on this issue.

But the court's review of the Commissioner's factual findings is limited to whether substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Substantial evidence "is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's] finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F.Supp.2d 623, 627 (M.D. Pa. 2003).

The question before this court, therefore, is not whether Northrup is disabled, but whether substantial evidence supports the Commissioner's finding that he is not disabled and whether the Commissioner correctly applied the relevant law.

**B. Initial Burdens of Proof, Persuasion, and Articulation for the ALJ.**

To receive benefits under Title XVI of the Social Security Act, a claimant generally must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).

The ALJ follows a five-step sequential-evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 416.920.  Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the

claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4)(i)–(v).

The ALJ must also assess a claimant's RFC at step four. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 198 n.2 (3d Cir. 2019). The RFC is "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)); *see also* 20 C.F.R. § 416.945(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairment identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 416.945(a)(2).

"The claimant bears the burden of proof at steps one through four" of the sequential-evaluation process. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). But at step five, "the burden of production shifts to the Commissioner, who must . . . show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001).

The ALJ's disability determination must also meet certain basic substantive requisites. Most significantly, the ALJ must provide "a clear and satisfactory explication of the basis on which" his or her decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). "The ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F. 3d 429, 433 (3d Cir. 1999). The "ALJ may not reject pertinent or probative evidence without explanation." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). Otherwise, "'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett*, 220 F.3d at 121 (quoting *Cotter*, 642 F.2d at 705).

## IV. The ALJ's Decision Denying Northrup's Claim.

On November 15, 2018, the ALJ denied Northrup's claim for benefits. *Admin. Tr.* at 27. At step one of the sequential-evaluation process, the ALJ found that Northrup had not engaged in substantial gainful activity since August 4, 2015, the alleged onset date. *Id*. at 15. At step two of the sequential-evaluation process, the ALJ found that Northrup had the following severe impairments: Lumbar Degenerative Disc Disease, Status Post Laminectomy, and Obesity. *Id*. At step three of the sequential-evaluation process, the ALJ found that Northrup did not

have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 18.

The ALJ then determined that Northrup has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b).[5] *Id*. at 19. Specifically, the ALJ found that Northrup is "limited to occasional balancing, stooping, kneeling, or crouching, and climbing on ramps and stairs, but never crawling and never climbing on ladders, ropes, or scaffolds." Additionally, the ALJ found that Northrup "must avoid unprotected heights and dangerous moving machinery" and "is limited to no more than occasional use of foot controls." *Id*. In making this RFC assessment, the ALJ considered all of Northup's symptoms that could be accepted as consistent with the record evidence and medical opinions. *Id*.

The ALJ then determined that Northrup is capable of performing past relevant work as a Performance Manager and that this work does not require the performance of work-related activities precluded by Northrup's RFC. *Id*. at 26. In

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. 404.1567(b).

making this determination, the ALJ relied on the testimony of the vocational expert and the other evidence of record. *Id.* at 27. In sum, the ALJ concluded that Northrup was not disabled from August 4, 2015 through the date of his decision on November 15, 2018. *Id.* Thus, the ALJ denied Northrup SSI benefits. *Id.*

## V.     Discussion.

Northrup argues that the ALJ erred in his RFC assessment because he failed to account for Northup's mild mental functional limitations. According to Northrup, because the ALJ found that Northrup had mild limitations in certain mental functional areas, he was required to include these in his RFC assessment.

By way of background, the ALJ found that Northrup had mild mental limitations in the functional areas of (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting, or maintaining pace. *Id.* at 16-17. The ALJ then found that "[b]ecause the claimant's medically determinable mental impairments caused no more than 'mild' limitations in any of the functional areas, they are non-severe." *Id. at* 17 (citing 20 C.F.R. 404.1520a(d)(1)). The ALJ explained that although the paragraph B mental function analysis is not an RFC assessment, "the [RFC] assessment that follows later in this decision reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." *Id.* at 17-18. Additionally, the ALJ

9

stated that "the undersigned notes that both the severe and non-severe impairments have been taken into consideration in determining the claimant's [RFC] that follows later in this decision." *Id*. at 18.

Northrup contends that because the ALJ identified mild mental limitations at steps two and three of the sequential evaluation, he was required to include these limitations in the subsequent RFC assessment. To support his argument, Northup cites, as his main case, *Kich v. Colvin*, 218 F.Supp.3d 342 (M.D. Pa. 2016). In *Kich*, the ALJ found, at steps two and three, that the plaintiff had mild mental limitations. *Id*. at 356. The court held that the ALJ erred in failing to include the plaintiff's mild mental limitations from the psychiatric review technique ('PRT") into the second RFC assessment. *Id*. at 357. "By simply incorporating his previous RFC discussion by reference … the ALJ essentially eliminated mental health related limitations without explanation." *Id*. (internal citations omitted).

Northrup's reliance on *Kich* is not inherently misplaced. Indeed, we recognize that courts within the Third Circuit have frequently found that mild/non-severe limitations must be considered in an RFC assessment. *See Id*. at 357; *see also Engle v. Berryhill*, No. 3:17-cv-2185, 2019 WL 1003597, at *4 (M.D. Pa. Mar 1, 2019) (finding that the ALJ erred because it was not clear "whether the ALJ gave full consideration to plaintiff's mental impairments" when crafting the RFC); *see also Balla v. Comm'r of Soc. Sec.*, No. 18-cv-386, 2019 WL 2482661, at *3

(D.N.J. June. 13, 2019) (finding that the ALJ's "passing reference" to the plaintiff's mild mental functional limitations was insufficient justification for failing to include the limitations in the RFC assessment); *see also Carratura v. Saul*, No. 20-cv-5483, 2021 WL 4077565, at * (D.N.J. Sept. 8, 2021) (find that the ALJ erred in failing to include the plaintiff's mild mental limitations in the RFC assessment).

But here, the ALJ specifically stated that "the [RFC] assessment that follows later in this decision reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" and "the undersigned notes that both the severe and non-severe impairments have been taken into consideration in determining the claimant's [RFC] that follows later in this decision." *Admin Tr.* at 17-18. Courts within the Third Circuit have held that when an ALJ explicitly states that he has considered the entire record when formulating the RFC, he has satisfied the requirement of considering the plaintiff's impairments in formulating the RFC. *See D.C. v. Comm'r of Soc. Sec.*, No. 20-cv-2484, 2021 WL 1851830, at *5 (D.N.J. May 10, 2021) ("[T]he ALJ further explained that his RFC assessment reflects the degree of mental limitations he found at Step 2. Finally, the ALJ noted that in formulating the RFC, he carefully considered the entire record. This discussion and incorporation by reference is sufficient to satisfy the requirement that the ALJ consider all of the Plaintiff's impairments in formulating the RFC.")

(citing *Younge v. Berryhill*, No. 16-cv-5271, 2017 WL 2978758, at *13 (E.D. Pa. May 31, 2017)); *see also Jennifer B. v. Kijakazi*, No. 1:20-cv-20364, 2022 WL 577960, at *12 (D.N.J. Feb. 25, 2022) (finding that the ALJ expressly considered mild mental limitations when crafting the RFC by referencing the limitations he found in the paragraph B mental function analysis).

Moreover, throughout the decision, the ALJ demonstrated consideration of Northrup's mental limitations, *see Admin. Tr.* at 16-18, which courts within the Third Circuit have held is sufficient to establish that the ALJ considered impairments before formulating the RFC. *See Shaffer v. Colvin*, No. 13-cv-925, 2014 WL 4925067, at *5 (W.D. Pa. Sept. 30, 2014) ("It is clear from the record that the ALJ adequately considered … the relevant medical evidence, as well as plaintiff's reported activities, in assessing plaintiff's residual functional capacity, and that he incorporated into his finding … of the limitations that reasonably could be supported by the medical and other relevant evidence."); *see also McCafferty v. Astrue,* No. 07-cv-3641, 2008 WL 1869282, at *4 (E.D. Pa. Apr. 25, 2008) ("Pursuant to the requirement of SSR 96-8p of a narrative discussion on a function-by-function basis, the ALJ addressed McCafferty's functional limitations by discussing the objective medical evidence, doctors' notes and opinions, McCafferty's daily living activities, and McCafferty's subjective complaints …[t]hus, the ALJ followed the dictates of SSR 96-8p.") (internal citations

omitted); *see also Long v. Kijakazi*, No. 20-cv-1358, 2022 WL 609620, at *7 (D. Del. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 609160 (D. Del. Feb. 15, 2022) ("These considerations confirm that the ALJ had sound knowledge of the entire record and understood the impact of Mr. Long's mental impairments before determining Mr. Long's RFC.").

Furthermore, as the Commissioner correctly points out, the RFC assessment must only contain functional limitations that are credibly supported by the record. *See Garrett v. Comm'r of Soc. Sec.*, 274 F.App'x. 159, 163 (3d Cir. 2008) ("The determination of the claimant's RFC is the exclusive responsibility of the ALJ … [i]mportantly, the ALJ need only include in the RFC those limitations which he finds credible.") (citing *Burnett*, 220 F.3d at 121).  Indeed, the ALJ was within his right to not include Northrup's mild mental limitations in the RFC. *See Lee v. Comm'r of Soc. Sec.*, 248 F.App'x. (3d Cir. 2007) ("[W]e reject Lee's argument that the hypothetical posed by the ALJ to the vocational expert was inadequate because it failed to include her mental limitations and her non-exertional limitations.  There was no need to include a mental impairment in the hypothetical as the determination that her condition was not severe was supported by substantial evidence.").  Accordingly, we find that the ALJ sufficiently considered Northrup's mild mental limitations, and he did not err in omitting Northrup's mild mental limitations from the RFC.

Northrup further argues that because the ALJ did not include Northrup's mild mental limitations in the RFC, this resulted in an erroneous finding that he could perform his past occupation as a performance manager. Specifically, Northrup claims that the occupation of performance manager has a Specific Vocational Preparation ("SVP") level of 9 and requires the Dictionary of Occupational Titles' ("DOT") highest level of social interaction.[6] Northrup contends that "[i]t goes without saying that an individual who is limited in his ability to interact with others could not perform work that required the highest possible levels of social interaction." Yet, Northup fails to cite any case law in support of his argument, nor does he specify how his mild mental limitations will prevent him from working as a performance manager. Moreover, we have already determined that the ALJ's RFC is based on substantial evidence. Thus, "we will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360.

---

[6] "To determine what type of work (if any) a particular claimant is capable of performing, the Commissioner uses a variety of sources of information, including the DOT, the SSA's own regulatory policies and definitions (found in the Code of Federal Regulations ("CFR")), and testimony from VEs." *Zirnask v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014). SVP levels "measure the skill necessary to perform a particular job." *Id*. (citing SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000)).

## VI. Conclusion.

For the foregoing reasons, the decision of the Commissioner will be affirmed, and final judgment will be entered in favor of the Commissioner and against Northrup. An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
